IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| AARON ROBINSON, | ) | |
|---|---|---|
| Plaintiff | ) | Case No. 19-0934-CV-W-SRB |
| v. | ) | |
| MIDWEST DIVISION-RMC,LLC, KRISTIE BAKER | ) | |
| Defendant | ) | |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND TO JOIN ADDITIONAL PARTIES

COMES NOW Plaintiff Aaron Robinson, pursuant to Rule 15(a) and Rule 20(a), and moves the Court for leave to amend his complaint by joining the following additional parties and their claims: Diane Banks, Betty Childress, Yolando Morrison, Felicia Tyler. In support thereof, Plaintiff states:

**I.     INTRODUCTION**

Plaintiff is an African American man who was previously employed by Defendant. During his term of employment, Plaintiff was subjected to discrimination on the basis of his race and color and to retaliation when he reported incidents of discrimination. Plaintiff seeks to amend his Complaint to join five other African American employees of Defendant that have each been subjected to Defendant's pattern and practice of discriminating against African American employees.

**II.    THE ADDITIONAL PLAINTIFFS MAY BE JOINED IN THIS ACTION PURSUANT TO RULE 20(a).**

    **A.     RULE 20(a) STANDARD FOR JOINING PARTIES**

Rule 20(a) allows individuals to "join in one action as plaintiffs if (A) they assert any

right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any questions of law or fact common to all plaintiffs will arise in the action." *See* Fed. R. Civ. P. 20(a); Loy v. BMW of North America LLC, 2019 WL 6250844 *4 (E.D. Mo. 2019). "The purpose of the rule is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." Mosley v. General Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974); Loy, 2019 WL 6250844 *4.

The Eighth Circuit has repeatedly recognized that Rule 20 permits "**all reasonably related claims** for relief by or against different parties to be tried in a single proceeding." Shoop v. Forquer, 2019 WL 3777827 *7 (E.D. Mo. 2019) (Emphasis added); Mosley, 497 F.2d at 1333. "All 'logically related' events entitling a person to institute a legal action against another generally are regarding as comprising a transaction or occurrence." Mosley, 497 F.2d at 1333; Loy, 2019 WL 6250844 *4. "**Absolute identity of all events is unnecessary**." Mosley, 497 F.2d at 1333 (Emphasis added); Loy, 2019 WL 6250844 *4. "Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; **joinder of claims, parties and remedies is strongly encouraged**." Shoop, 2019 WL 3777827 *7 (Emphasis added).

B.    THE REQUIREMENTS OF RULE 20(a) ARE SATISFIED.

Each of the five individuals who seek to join in this action are African American employees of Defendant Midwest Division RMC LLC.

Plaintiff anticipates that Defendant will oppose the motion because the plaintiffs may not have all been managed or supervised by the same individuals and may not have

all experienced identical adverse employment actions. Any such argument should be rejected. *See* Mosley, 497 F.2d at 1333-1334.

The case Arnold v. ADT Security Services Inc., Case No. 05-0607-CV-W-HFS, (W.D. Mo. 2006) is instructive. Two of the plaintiffs in Arnold filed a motion under Rule 20 seeking leave to amend their complaint and join additional plaintiffs. The amended complaint would assert a pattern and practice of racial discrimination and hostile work environment on behalf of all plaintiffs. The Defendant opposed joinder because the plaintiffs were not managed by the same individuals and did not assert the same adverse employment actions. The Court granted the plaintiffs' motion and allowed the joinder of the additional parties.

While the Mosley case did not involve a Rule 20 motion to join parties, analysis of Rule 20 was central to the Eighth Circuit's reversal of the trial court's order severing the claims of multiple employees. In Mosley, ten black plaintiffs sued General Motors alleging that GM had a general policy of discrimination against black employees. The trial court granted the defendant's motion to sever the claims. The Eight Circuit reversed the trial court's order based on Rule 20. The Court reasoned that "each of the ten plaintiffs alleged that he had been injured by the same general policy of discrimination on the part of [GM]," and concluded that "a company-wide policy purportedly designed to discriminated against blacks in employment arises out of the same series of transactions or occurrences." Mosley, 497 F.2d at 1333-1334. In examining the second prong of Rule 20, whether common questions of law or fact will arise, the Court noted that the right of each plaintiff to recover depended on each plaintiff demonstrating that he was wronged by the discriminatory policies. Thus, the discriminatory character of the defendant's conduct is

basic to each plaintiff's recovery. "The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the purposes of determining the common question of law or fact." Mosley, 497 F.2d at 1334.

Similarly, Rule 20 formed the basis in overruling a motion to sever in Resnik v. HMSHost Corporation, 2016 WL 233242 *2-3 (E.D. Mo. 2016). The four plaintiffs in Resnik alleged violations of the FLSA. The defendant moved to sever the cases because the plaintiffs worked at different locations, had different job duties, their claims did not arise from the same transaction or occurrence, and there were no common issues of law or fact. In ruling on the motion, the court analyzed the requirements of Rule 20. Each of the plaintiffs alleged that they were subject to a blanket, company-wide policy in which the employer misclassified their positions. Accordingly, the plaintiffs satisfied the first prong of Rule 20(a). While the plaintiffs worked at different locations, had different supervisors, and did not have identical job duties, they were each subject to the same company-wide policy of misclassifying their positions. Accordingly, the plaintiffs satisfied the second prong of Rule 20(a) by having common questions of law and fact. The Court noted that the mere fact that the plaintiffs may need to present individualized testimony did not preclude joinder.

Here, each of the five individuals who seek to join in this action are African American employees of Defendant. Each alleges that Defendant has a general policy, pattern, and practice of discrimination against African American employees and of denying promotional opportunities to African American employees. The right of each Plaintiff to recover depends on each Plaintiff demonstrating that he/she was wronged by Defendant's discriminatory policies and pattern and practice of discrimination against

African American employees. Each worked at the same location and each was under the same human resources department.

## III. THE COMPLAINT IS APPROPRIATELY AMENDED UNDER RULE 15(a).

### A. RULE 15(a) STANDARD

Federal Rule 15(a) provides that leave to amend the pleadings "shall be freely given when justice so requires." The decision lies within the discretion of the District Court. The intent of the rule is "to provide the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" Baker v. John Morrell & Co., 266 F. Supp. 2d 909, 927 (N.D. Ia. 2003). "Under this liberal standard, denial of leave to amend pleadings is appropriate *only if* there are compelling reasons such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the nonmoving party, or futility of the amendment." Trademark Medical LLC v. Birchwood Laboratories, Inc., 22 F. Supp. 3d 998, 1001-1002 (E.D. Mo. 2014) (Emphasis added). "The burden of proof of prejudice is on the party opposing the amendment." Manidhari Gums & Chemicals v Caremoli USA, Inc., 2016 WL 9454076 *17 (S.D. IA 2016).

### B. THE REQUIREMENTS OF RULE 15(a) ARE SATISFIED.

Plaintiff seeks to amend his Complaint to join the additional individuals as plaintiffs. As is set forth above, Plaintiff has demonstrated that the joinder of the additional individuals satisfies the requirements of Rule 20(a). Accordingly, Plaintiff's motion to amend should be granted pursuant to Rule 15.

Plaintiff Robinson asserts claims under Section 1981 for racial discrimination and a pattern and practice of racial discrimination. The claims of the additional individuals will

likewise be based on Section 1981 and will assert claims of racial discrimination and a pattern and practice of racial discrimination. Moreover, joinder of the additional parties will not create any delay or prejudice as the case is still in its early stages and Plaintiff has filed his motion within the deadline proposed for amending pleadings and adding parties.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant him leave to join the additional parties and file the attached Second Amended Complaint.

MONSEES & MAYER, P.C.

By: /s/ Amir Ardebili
    AMIR ARDEBILI
    4717 Grand Avenue, Suite 820
    Kansas City, MO 64112
    (816)361-5555  Fax: (816)361-5577
    aardebili@monseesmayer.com

WHITE, GRAHAM, BUCKLEY, & CARR L.L.C.

By: /s/ Gene P. Graham, Jr.
    GENE P. GRAHAM, JR.    34950
    DEBORAH J. BLAKELY     47138
    19049 E. Valley View Pkwy, Suite C
    Independence, Missouri 64055
    816-373-9080  Fax: 816-373-9319
    ggraham@wagblaw.com
    dblakely@wagblaw.com

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served on all counsel of record via the court's electronic court filing system on this 31st day of March, 2020:

/s/ Gene P. Graham, Jr.
Counsel for Plaintiff