IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| AARON ROBINSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:19-CV-0934-SRB ) |
| MIDWEST DIVISION-RMC, LLC, d/b/a RESEARCH PSYCHIATRIAC CENTER and KRISTIE BAKER, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Before the Court is Plaintiff's Motion for Leave to Amend to Join Additional Parties. (Doc. #27). For the reasons discussed below, the motion is granted.

**I. BACKGROUND**

Plaintiff Aaron Robinson originally filed suit in Missouri state court against Defendant Midwest Division-RMC, LLC ("RMC"), his former employer. Robinson alleges RMC engaged in an unlawful pattern and practice of race-based discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055. RMC removed the action to federal court. Robinson later filed an amended complaint adding Kristie Baker[1] as an individual defendant and raising an additional cause of action under 42 U.S.C. § 1981. Robinson now seeks leave to file a second amended complaint adding four additional plaintiffs and their own § 1981 claims to this suit pursuant to Federal Rule of Civil Procedure 20. RMC, in opposing Robinson's motion, argues joinder is improper under Rule 20 and contends it will suffer substantial prejudice if the proposed new plaintiffs are joined.

---

[1] The Court notes the record in this case is unclear as to whether Defendant Kristie Baker was properly served in this action.

## II. LEGAL STANDARD

### A. Rule 15(a)(2): Motion to Amend Complaint

When a party may not amend a pleading as a matter of right under Rule 15(a)(1), Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) further states that a court "should freely give leave when justice so requires." "Leave to amend should be freely granted unless 'there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment.'" *Henson v. Union Pac. R.R. Co.*, No. 19-00082-CV-W-GAF, 2019 WL 3082469, at *2 (W.D. Mo. July 15, 2019) (quoting *Popalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008)). The burden of proof to show prejudice rests with the party opposing amendment. *Sanders v. Clemco Indus.*, 823 F.2d 214, 217 (8th Cir. 1987).

### B. Rule 20: Permissive Joinder of Parties

The primary purpose of Rule 20 "is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1332 (8th Cir. 1974). Under Rule 20(a), a person may be joined as a plaintiff if:

> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1)(A)–(B). "Courts strongly encourage joinder and favor 'the broadest possible scope of action consistent with fairness to the parties.'" *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2006 WL 1313367, at *4 (W.D. Mo. May 12, 2006) (quoting *Mosley*, 497 F.2d at 1333).

2

Regarding the single transaction requirement of Rule 20(a)(1)(A), "[n]o hard and fast rules have been established" for determining whether a given factual situation is part of a single transaction or occurrence. *Reznik v. HMSHost Corp.*, No. 4:15-CV-648 CAS, 2016 WL 233242, at *2 (E.D. Mo. Jan. 20, 2016) (citing *Mosley*, 497 F.2d at 1333). The Eighth Circuit construes the term "transaction" broadly, finding Rule 20 "would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding." *Mosley*, 497 F.2d at 1333 ("Absolute identity of all events is unnecessary."); *accord In re Prempro Prod. Liab. Litig.*, 591 F.3d 613, 622–23 (8th Cir. 2010). As for the common question of law or fact requirement of Rule 20(a)(1)(B), joinder is proper if "*any* question of law or fact common to all plaintiffs will arise." Fed. R. Civ. P. 20(a)(1)(B) (emphasis added). In turn, "Rule 20 does not require that all questions of law and fact raised in the case be common." *Reznik*, 2016 WL 233242 at *3.

### III. DISCUSSION

Robinson seeks to join four additional plaintiffs: Diane Banks, Betty Childress, Yolando Morrison, and Felicia Tyler. Each proposed plaintiff is African American and either a current or former RMC employee. The proposed second amended complaint would assert a discrimination claim and an unlawful retaliation claim under § 1981 on behalf of all plaintiffs. Robinson argues joinder is appropriate because all plaintiffs allege a general pattern, practice, and policy of racial discrimination by RMC. Robinson also argues each claimant must demonstrate that he or she was wronged by RMC's alleged discriminatory policies and practices in order to recover, making "the discriminatory character of the defendant's conduct" a common question of law and/or fact raised by each proposed plaintiff's claim. (Doc. #28, pp. 3–4). RMC disagrees, arguing that the claims raised by each proposed plaintiff rely on unique circumstances that do not arise from the same transaction or share common set of operative facts as Robinson's claim.

After considering the parties' arguments, the Court finds the proposed plaintiffs may be permissively joined.[2] While each proposed plaintiff holds a different job title than Robinson and reported to different supervisors, their alleged injuries arise from the same general policy and practice of discrimination purportedly practiced by RMC against African American employees, including unfair treatment and the systematic denial of promotional opportunities. Accordingly, the proposed plaintiffs' claims are reasonably related and their request for relief arises out of the same transaction or occurrence as Robinson's own action. *See, e.g.*, *Mosley*, 497 F.2d at 1334 (finding the claims of proposed plaintiffs with injuries attributable to "a company-wide policy purportedly designed to discriminate against blacks in employment" were part of a single transaction under Rule 20). RMC's argument that *Mosely* somehow carries less weight because it was decided nearly fifty years ago is unpersuasive, as *Mosley* continues to be cited and quoted favorably by and within the Eighth Circuit.

Furthermore, the fact that each proposed plaintiff allegedly suffered racial discrimination in different contexts or under different circumstances does not prohibit joinder. Rule 20 does not require the claims of the proposed plaintiffs to be factually uniform. In deciding whether joinder of the proposed plaintiffs is appropriate, it is the Court's task to consider whether "any question of law or fact common to all plaintiffs" will arise in the action. Fed. R. Civ. P. 20(a)(1). Here, while the proposed plaintiffs worked in different positions under different supervisors and each suffered individual harms, they were each overseen by a single human resources department at a common workplace location and were allegedly subjected to, and disadvantaged by, a common policy or practice that caused their injuries. *See Mosley*, 497 F.2d at 1334 ("The fact that each plaintiff may have suffered different effects from the alleged discrimination is immaterial for the

---

[2] The Court notes this ruling makes no statement as to whether all five plaintiffs' claims should be heard at a single trial proceeding.

purposes of determining the common question of law or fact."). Whether RMC or its employees engaged in employment practices that were unlawfully discriminatory is a common question of law underlying all the plaintiffs' claims, and thus joinder under Rule 20 is appropriate.

The Court additionally finds that Robinson's motion to amend should be granted. This case is in the early stages of litigation and Robinson's motion to amend is timely pursuant to the Scheduling Order deadlines in place. RMC's contention that Robinson's joinder request is an attempt to "distract and confuse" from his own meritless case and will substantially prejudice RMC by delaying and complicating the action is unpersuasive. Joinder aside, each plaintiff will still receive a judgment according to the respective merits of his or her individual case. RMC's arguments about the plausibility of the claimants' allegations or their likelihood of success on the merits is not for the Court to decide at this stage of the proceeding. Given that leave to amend should be freely granted and RMC cannot show that it will suffer undue prejudice, Robinson is granted leave to amend his complaint.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion for Leave to Amend to Join Additional Parties (Doc. #27) is GRANTED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: May 5, 2020