# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| AARON ROBINSON et al., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-0934-SRB |
| ) | |
| MIDWEST DIVISION-RMC, LLC, d/b/a ) | |
| RESEARCH PSYCHIATRIAC CENTER ) | |
| and KRISTIE BAKER, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is RMC's Motion for Reconsideration of Order Granting Joinder or, in the Alternative, Motion to Amend Order to Certify the Order for Interlocutory Appeal. (Doc. #41). For the reasons discussed below, the motion is denied.

### I. BACKGROUND

Plaintiff Aaron Robinson alleges Defendant Midwest Division-RMC, LLC ("RMC"), his former employer, and Defendant Kristie Baker, his former supervisor, engaged in a pattern and practice of unlawful race-based discrimination and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.055, and 42 U.S.C. § 1981. Robinson sought leave from this Court to file a second amended complaint adding four additional plaintiffs with their own § 1981 claims against RMC pursuant to Federal Rule of Civil Procedure 20. RMC opposed joining the additional plaintiffs, arguing the factual basis for the proposed plaintiffs' claims were too different to warrant joinder under Rule 20. This Court granted Robinson's motion for leave to amend. (Doc. #36). RMC now asks the Court to reconsider and reverse its prior Order or, in the alternative, certify that Order for interlocutory appeal under 28 U.S.C. § 1292(b).

## II. LEGAL STANDARD

No specific rule in the Federal Rules of Civil Procedure references motions to reconsider. *OpenMethods, LLC v. Mediu, LLC*, No. 10-761-CV-W-FJG, 2012 WL 2736471, at *3 (W.D. Mo. July 9, 2012). "[S]uch a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). "Motions brought pursuant to Rule 59(e) 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988)). In contrast, "Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or 'any other reason that justifies relief.'" *Disc. Tobacco Warehouse, Inc.*, 2010 WL 3522476, at *1 (quoting Fed. R. Civ. P. 60(b)). Rule 59(e) and Rule 60(b) both require that any judgment or order being reconsidered be final. *See* Fed. R. Civ. P. 59(e), 60(b).

## III. DISCUSSION

RMC states "the Court committed error by ruling that joinder was permissible, and thus the Court should reconsider and reverse its prior decision." (Doc. #41, p. 3). RMC does not state whether it seeks relief pursuant to Rule 59(e) or Rule 60(b),[1] leaving the Court to discern the basis of its requested relief. *See Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988) (observing that a "danger[] of filing a self-styled 'motion for reconsideration' . . . not described by any particular rule of federal civil procedure" is that a "party leaves the characterization of the

---

[1] In seeking reconsideration, RMC cites decisions that evaluated such a request under the law-of-the-case doctrine. The Court finds an analysis pursuant to Rule 59(e) and/or Rule 60(b) is more applicable.

2

motion to the court's somewhat unenlightened guess").  Since RMC argues reconsideration is warranted because this Court erred in determining that joinder under Rule 20 was appropriate, the Court construes the motion as one arising under Rule 59(e).[2]  *See Norman v. Arkansas Dep't of Educ.*, 79 F.3d 748, 750 (8th Cir. 1996) (citation and quotation marks omitted)  ("[A]ny motion that draws into question the correctness of the judgment is functionally a motion under [Rule] 59(e), whatever its label.").

RMC argues permitting the proposed additional plaintiffs to join Robinson's suit under Rule 20 was improper because of the divergent factual bases for their claims.  RMC states that the mere allegation of a "general policy and practice of discrimination" is not enough to support joinder under Rule 20, and that the Court has set a "low bar" that will permit future claimants to "circumvent the standard process for initiating a new case." (Doc. #41, p. 3).  Plaintiffs disagree, arguing the Court properly applied the Rule 20 joinder standard under Eighth Circuit precedent and appropriately exercised its discretion.  These are the same arguments the parties raised when this Court initially considered Robinson's motion to amend and join additional plaintiffs.  As this Court observed in its prior Order, "[c]ourts strongly encourage joinder and favor 'the broadest possible scope of action consistent with fairness to the parties.'"  *Miller v. Cottrell, Inc.*, No. 06-0141-CV-W-NKL, 2006 WL 1313367, at *4 (W.D. Mo. May 12, 2006) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)).  Moreover, "absolute identity of all events is unnecessary" when considering whether joinder under Rule 20 is proper.  *Mosley*, 497 F.2d at 1333.  RMC puts forth no new facts, evidence, or legal arguments showing this Court committed

---

[2] The Court notes the outcome remains the same if the motion were construed under Rule 60(b).  A Rule 60(b) motion "is not a vehicle for simple reargument on the merits."  *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).  "Rule 60(b) provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances."  *Harley v. Zoesch*, 413 F.3d 866, 870 (8th Cir. 2005) (citation and quotation marks omitted).  RMC does not demonstrate that an exceptional circumstance warrants reconsideration of this Court's prior Order under Rule 60(b).

3

a manifest error in granting Robinson's motion to amend and join the four additional proposed plaintiffs, and a Rule 59(e) motion "may not be used to relitigate old matters." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citations and quotation marks omitted); *accord United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) ("It should be noted that Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." (citations and quotation marks omitted)). Thus, RMC's motion for reconsideration is denied.

Furthermore, the Court declines to amend its Order to allow for an interlocutory appeal under 28 U.S.C. § 1292(b). Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal if (1) the order "involves a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and (3) "immediate appeal from the order may materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (citation and quotation marks omitted). The Eighth Circuit cautions districts courts that "[a] motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376. RMC has not met that heavy burden here. RMC contends there is a substantial ground for difference of opinion regarding the application of the permissive joinder standard under Rule 20, but identifies no divergent case law within the Eighth Circuit showing such a split of opinion. *See McNamara v. Katten Muchin Rosenman LLP*, No. 4:16-CV-01203-SRB, 2017 WL 11493632, at *2 (W.D. Mo. Apr. 21, 2017) (citations omitted) (noting that the difference of opinion element under § 1292(b) requires showing the existence of divergent opinions within the controlling circuit). Indeed, district courts within the Eighth Circuit have widely recognized the Eighth Circuit's liberal construction of the Rule 20 permissive joinder

standard and a district court's broad discretion to determine whether joinder is appropriate on a case-by-case basis. *See, e.g.*, *Diocese of St. Cloud v. Arrowood Indem. Co.*, No. CV 17-2002 (JRT/LIB), 2019 WL 79003, at *4 (D. Minn. Jan. 2, 2019); *Larson Mfg. Co. of S. Dakota, Inc. v. W. Showcase Homes, Inc.*, No. 4:16-CV-04118-VLD, 2018 WL 6528250, at *14 (D.S.D. Dec. 11, 2018); *Black v. Shulkin*, No. 4:16 CV 2145 CDP, 2017 WL 6316800, at *1 (E.D. Mo. Dec. 11, 2017); *Bath Junkie Branson, L.L.C. v. Bath Junkie, Inc.*, No. 04-3421-CV-S-RED, 2006 WL 8452698, at *1–2 (W.D. Mo. July 10, 2006). In sum, the Court finds this is not an exceptional case warranting immediate appeal.

## IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that RMC's Motion for Reconsideration of Order Granting Joinder or, in the Alternative, Motion to Amend Order to Certify the Order for Interlocutory Appeal (Doc. #41) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2020